IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

THOMAS W. OLICK

v.

CITY OF EASTON, *et al.*

CIVIL NO. 5:13-cv-05452-WY

ADV. NO. 2:12-ap-00631-ELF

FILED
FEB - 5 2014
MICHAEL E. KUNZ, Clerk
By ________ Dep. Clerk

## MEMORANDUM

YOHN, J. February 5, 2014

Debtor Thomas Olick files this appeal from an order of the bankruptcy court dismissing in part his bankruptcy adversary action against appellee Northampton County.[1] Because I find I lack jurisdiction to hear Olick's appeal, I will deny it.

### I. Background

On February 9, 2007, Olick filed for bankruptcy under Chapter 13. Subsequently, Northampton County filed a claim for payment of taxes owed to itself, the City of Easton, Palmer Township, and the Easton Area School District. Olick's Chapter 13 plan was confirmed on January 22, 2008.

On September 22, 2008, Olick filed an adversary complaint against Northhampton County and the City of Easton entities in which he made claims for conversion, filing of fraudulent creditors' claims, violation of the automatic bankruptcy stay of state court proceedings, and harassment. On June 16, 2009, Olick and the defendants in that action reached a settlement. Paragraphs 19(a) and (b) of the settlement agreement read as follows:

[1] Olick is a *pro se* litigant in this action and also proceeded *pro se* in all related actions before the bankruptcy court.

(a) Northampton County, the Northampton County Tax Claim Bureau, the City of Easton and the Easton Area School District will not take any action of any nature to collect the claims for taxes that were due as of the date of filing of the Chapter 13 Bankruptcy Petition and acknowledge that to the extent that those claims are allowed, they will be fully satisfied upon receipt of the amounts allowed by the Bankruptcy Court from the Trustee in Bankruptcy.

(b) Should the Northampton County, the Northampton County Tax Claim Bureau, the City of Easton or the Easton Area School District take any steps to collect the prepetition claims for taxes, through inadvertence or otherwise, this Stipulation of Settlement shall be deemed a full defense to any such claims or actions and may be deemed a full defense to any such claims or actions and may be presented to specific public agency or authority as proof that all prepetition claims for taxes that are allowed will be satisfied through the bankruptcy process and no other.

On October 11, 2012, Olick filed the adversary action against Northampton County which is the subject of this appeal. According to Olick, Northampton County has pursued payment of prepetition debts since the 2009 settlement agreement, including a 2012 tax sale of Olick's property. Olick claims in his amended complaint this property sale: (1) violated the automatic stay provided for by 11 U.S.C. § 362 ("Count I"); (2) breached paragraph 19 of the 2009 settlement agreement ("Count II"); (3) sounded in tort for fraud and conversion ("Count III").

On July 9, 2013, Northampton County moved to dismiss the entire complaint, and, on August 7, 2013, the bankruptcy court issued an order granting the motion in part and denying the motion in part. The court found § 362 has no force after a bankruptcy plan is confirmed, but construed Olick's Count I allegations to state a valid claim under 11 U.S.C. § 105(a), which permits a Chapter 13 debtor to seek relief from the bankruptcy court to enforce the terms of a confirmed bankruptcy plan. The court dismissed Count II with prejudice on the basis that, while the settlement agreement gave Olick a defense against claims for prepetition taxes, it did not entitle him to pursue damages in the event of breach. The court dismissed Count III with leave to amend on the basis that Olick's claim amounted to mere labels and conclusions, and thus failed

to state a plausible claim as required by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

On September 9, 2013, Olick filed a second amended complaint containing two counts: (1) claims for "violation of bankruptcy statutes including but not limited to 11 USC § 105(a) and 1327(a)" and (2) claims for fraud, negligence, and conversion. These claims are still being actively litigated in the bankruptcy court

On October 4, 2013, Olick filed this appeal from the August 7, 2013 order of the bankruptcy court. He seeks reversal of the bankruptcy court's dismissal of his claims under Counts I, II, and III of the prior complaint.

## II. Jurisdiction and Analysis

Under 28 U.S.C. § 158(a)(1), the district court has jurisdiction of all appeals from "final judgments, orders, and decrees" of the bankruptcy court. See 28 U.S.C. § 158(a)(1). "When an action presents more than one claim for relief . . . the [bankruptcy] court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54.[2] Otherwise, "orders [of the bankruptcy court] that do not fully adjudicate a specific adversary proceeding or that require further factual development are governed by the ordinary finality precepts of routine civil litigation." *United States v. Nicolet, Inc.*, 857 F.2d 202, 206-07 (3d Cir. 1988). And "ordinarily in civil litigation only those orders that dispose of all issues as to all parties to the case are considered final." *In re Prof'l Ins. Mgmt.*, 285 F.3d 268, 279 (3d Cir. 2002). Accordingly, barring the bankruptcy court's express determination that there is no just reason for delay, "[a]n order in an individual adversary proceeding is not final unless it 'ends the litigation on the merits and

---

[2] Rule 54 applies to adversary proceedings in bankruptcy. *See* Fed. R. Bankr. P. 7054(a).

leaves nothing more for the court to do but execute the judgment.'" *In re Truong*, 513 F.3d 91, 94 (3d Cir. 2008) (quoting *Bethel v. McAllister Bros., Inc.*, 81 F.3d 376, 381 (3d Cir. 1996)); *see also In re 400 Walnut Associates, L.P.*, 473 B.R. 603, 607 (E.D. Pa. 2012) (holding creditor did not have right to appeal under § 158(a)(1) from an order dismissing one of two claims pending in litigation).

Under 28 U.S.C. § 158(a)(3), the district court has discretion to hear appeals from interlocutory orders of the bankruptcy court. Because neither § 158(a)(3) nor the Federal Rules of Bankruptcy Procedure provide criteria for when leave should be granted to file an interlocutory appeal, district courts faced with this question look to the analogous provisions of 28 U.S.C. § 1292(b), which sets forth the requirements for interlocutory appeals from district courts to the courts of appeals. *In re 400 Walnut Associates, L.P.*, 473 B.R. 603, 607 (E.D. Pa. 2012); *Finkel v. Polichuk*, No. 10–219, 2011 WL 2274176, at *2 (E.D. Pa. June 8, 2011); *In re Sandenhill, Inc.*, 304 B.R. 692, 694 (E.D. Pa. 2004). § 1292(b) provides that, "when a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order." § 1292(b). If that occurs, "the court of appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order." § 1292(b).

Here, the order of the bankruptcy court from which Olick appeals denied dismissal as to a re-construed Count I, dismissed Count II with prejudice, and dismissed Count III without prejudice. The bankruptcy court's order thus did not "dispose of all issues" in the case, and thus

cannot be considered a final order under ordinary finality principles. *See In re Prof'l Ins. Mgmt.*, 285 F.3d at 279. Because the order is not final, Olick does not have the ability to appeal to this court as of right under § 158(a)(1). *See* 28 U.S.C. § 158(a)(1). Meanwhile, the bankruptcy court does not certify in the order or otherwise that the order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." *See* § 1292(b). Accordingly, I decline to hear this appeal under 28 U.S.C. § 158(a)(3). *See* § 158(a)(3).

An appropriate order follows.